**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID PAUL CONWAY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-CV-234-TCK-TLW |
| | ) |
| **JESSE T. SUTTER, JR., Warden;** | ) |
| **ATTORNEY GENERAL OF THE** | ) |
| **STATE OF OKLAHOMA,** | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 11), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 11, 12, 13). Petitioner filed a reply (Dkt. # 28). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On April 19, 2003, Bartlesville Police Lieutenant Rick Silver organized a team of law enforcement officers to execute a search warrant at 809 Southwest Oak, a residence located in Bartlesville, Oklahoma. The search warrant was issued pursuant to an affidavit containing information provided by a confidential informant. The confidential informant stated that Petitioner David Conway was selling marijuana from the residence. No one was home when the search warrant was executed. However, law enforcement officials recovered a large black duffle bag containing 21 large plastic bags of marijuana and a blue ice chest containing 15 large plastic bags of marijuana. Other plastic bags containing significant amounts of marijuana were found throughout the residence. Several sets of scales were found along with mail and miscellaneous papers addressed

to David Conway at 809 Southwest Oak. The material in the plastic bags tested positive for marijuana.

Based on those events, Petitioner was charged with Trafficking in Illegal Drugs (Marijuana) in Washington County District Court, Case No. CF-2003-178. On February 24, 2005, Petitioner waived his right to a jury trial and proceeded to a bench trial before the Hon. Janice Dreiling. At the conclusion of the bench trial, Judge Dreiling found Petitioner guilty as charged. On April 6, 2005, the trial judge sentenced Petitioner to ten (10) years imprisonment. He was represented at trial by attorneys Jeffrey Fischer and Edward J. Lutz.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney James L. Hankins, Petitioner raised three (3) propositions of error on direct appeal:

> Proposition 1: The affidavit in support of the search warrant in this case was insufficient as a matter of law to establish probable cause to search the home and all evidence acquired pursuant to such warrant must be suppressed as violations of Article II, Sections 7 and 30 of the Oklahoma Constitution and the Fourth and Fourteenth Amendments to the United States Constitution.
>
> Proposition 2: The State failed to present sufficient evidence that Conway had dominion and control over any of the illegal substances found inside the residence and thus failed to meet its burden of proof in violation of Article II, Section 7 of the Oklahoma Constitution and the Fourteenth Amendment to the United States Constitution.
>
> Proposition 3: The sentence imposed is excessive under the facts and circumstances of this case in violation of Article II, Sections 7 and 9 of the Oklahoma Constitution and the Eighth and Fourteenth Amendments to the United States Constitution and must be modified accordingly.

(Dkt. # 11, Ex. 1). In an unpublished summary opinion, filed August 28, 2006, in Case No. F-2005-341, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 11, Ex. 3). Nothing in the record suggests that Petitioner sought a writ of

*certiorari* from the United States Supreme Court or filed an application for post-conviction relief in state court.

Petitioner filed the instant habeas corpus petition on April 24, 2007 (Dkt. # 1). He also provided exhibits (Dkt. # 2) supporting his request for habeas corpus relief. As his grounds of error, Petitioner identifies the same three grounds raised on direct appeal. See Dkt. # 1. In response, Respondent asserts that Petitioner's claims are not cognizable in this habeas action, or do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 11.

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner fairly presented his habeas claims to the OCCA on direct appeal. Therefore, the exhaustion requirement is satisfied in this case.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claimed violations of the Oklahoma Constitution are not cognizable on federal habeas corpus review (grounds 1, 2, and 3)

Mixed in with Petitioner's arguments are various statements that his rights under the Constitution of the State of Oklahoma have been violated. It is well established that it is not the role of a federal habeas corpus court to correct errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991). This Court will address only the federal constitutional issues identified in the petition. "Alternative state claims, whether grounded in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)." Davis v. Reynolds, 890 F.2d 1105, 1109 n.3 (10th Cir.

1989) (citing Pulley v. Harris, 465 U.S. 37, 41 (1984)). To the extent Petitioner makes generalized statements that his rights under the State Constitution have been violated, such claims are not cognizable in federal habeas corpus. Accordingly, the Court concludes that habeas corpus relief is not available insofar as Petitioner claims his rights under the Oklahoma Constitution have been violated.

**C.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging the legality of the search warrant affidavit, the sufficiency of the evidence, and the constitutionality of his sentence to

4

the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 11, Ex. 3. Therefore, to the extent the OCCA considered the constitutional grounds identified by Petitioner, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### *1. Failure to suppress illegally obtained evidence (ground 1)*

Petitioner asserts that his conviction was obtained based on the introduction of evidence resulting from an unconstitutional search and seizure. See Dkt. # 1. Petitioner contends, as he did on direct appeal, that drug evidence found at the residence where he was living should have been suppressed based on violations of the Fourth Amendment. See id. On direct appeal, the OCCA rejected Petitioner's claim that the trial court erred in failing to suppress evidence resulting from an unconstitutional search and seizure, finding as follows:

> . . . giving great deference to the magistrate's finding and pursuant to a review under the totality-of-the-circumstances approach set forth in *Langham v. State*, 1990 OK CR 9, ¶¶ 6-7, 787 P.2d 1279, 1281, we find the affidavit for the search warrant was sufficient to provide the magistrate a substantial basis for concluding that probable cause existed to issue the search warrant. *See Gregg v. State*, 1992 OK CR 82, ¶ 13, 844 P.2d 867, 874. The affidavit sufficiently established the veracity of the confidential informant and the basis of his knowledge so that the issuing magistrate could make a common sense determination there was a fair probability that illegal drugs could be found at Appellant's residence. Accordingly, we find the evidence supports the trial court's denial of the motion to suppress the evidence seized pursuant to the search. *See Battiest v. State*, 1988 OK CR 95, ¶ 6, 755 P.2d 688, 690.

See Dkt. # 11, Ex. 3.

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court stated that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court

5

has given the petitioner a full and fair opportunity for litigation on the issue. Matthews v. Workman, 577 F.3d 1175, 1194 (10th Cir. 2009).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claim based on his allegation that the affidavit in support of the search warrant was insufficient as a matter of law to establish probable cause to search the home and, as a result, the evidence should have been suppressed because it was obtained following an unconstitutional search and seizure. Petitioner's attorney filed a "motion to suppress" on September 25, 2003, the day of the preliminary hearing, challenging the sufficiency of the search warrant affidavit. See Dkt. # 13, O.R. at 17. On November 5, 2003, the district judge heard argument on three issues: the sufficiency of the search warrant affidavit, an issue related to the "knock and announce" procedure used during the execution of the search warrant, and the issue of Petitioner's dominion and control over the drugs found in the residence, and denied the motion to suppress on all three grounds. See Dkt. # 13, Trans. Prelim. Hr'g dated Nov. 5, 2003. Thereafter, on January 22, 2004, counsel for Petitioner filed a "motion to quash search warrant affidavit and brief." See Dkt. # 13, O.R. at 29.  By minute order entered May 27, 2004, see id. at 40, the district judge denied the motion.  On December 9, 2004, Petitioner requested reconsideration of the motion to quash. See id. at 46.  By order dated December 14, 2004, see id. at 49, the trial judge denied the motion to reconsider, finding "the magistrate had a substantial basis for concluding that probable cause existed." As stated above, Petitioner also raised his Fourth Amendment issue on direct appeal in Proposition 1. See Dkt. # 11, Ex. 1.

Based on that record, the Court finds that Petitioner had a full and fair opportunity to litigate in the state courts his Fourth Amendment claim based on the sufficiency of the search warrant

6

affidavit. As a result, this Court is precluded from considering the Fourth Amendment issue raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494; see also Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978) (opportunity for full and fair litigation in state court under Stone v. Powell includes, but is not limited to the procedural opportunity to raise or otherwise present a Fourth Amendment claim). Therefore, the Court concludes that Petitioner's request for habeas relief premised on a violation of the Fourth Amendment shall be denied.

### *2. Insufficient evidence (ground 2)*

Petitioner also claims that the state presented insufficient evidence to establish his guilt beyond a reasonable doubt. Petitioner's argument is premised on his contention that the State failed to prove he exercised dominion and control over the residence and the drugs. The OCCA adjudicated this claim as a part of Petitioner's direct appeal, finding as follows:

> . . . although Appellant was not at home at the time the search warrant was executed, we find the evidence sufficiently showed he had dominion and control over the marijuana found in the home. Reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the evidence sufficient to support the verdict.

Dkt. # 11, Ex. 3 (citations omitted). Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law. See Dkt. # 11.

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth

Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard of review respects the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a finding of guilt was contrary to or an

unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that there was sufficient evidence for a rational trier of fact to find Petitioner guilty of Trafficking beyond a reasonable doubt. Under Oklahoma law as applicable to the facts of this case, Petitioner could not be convicted of Trafficking in Illegal Drugs unless the State proved beyond a reasonable doubt the following elements: (1) knowing, (2) distribution, manufacture, bringing into the state, or possession, (3) twenty-five (25) pounds of marijuana. See Okla. Stat. tit. 63, § 2-415(C)(1).

"[P]ossession may be either actual or constructive, and need not be exclusive as long as there is proof that the defendant knowingly and willfully shared the right to control the dangerous substance." White v. State, 900 P.2d 982, 986 (Okla. Crim. App. 1995) (internal quotation marks omitted). "[W]hile proof of [the defendant's] mere proximity [to the contraband] is insufficient to circumstantially show constructive possession, the proof of additional independent factors from which the possession may be fairly inferred may be established by circumstantial evidence and will be sufficient to carry the case to the jury." Gilreath v. State, 627 P.2d 443, 445 (Okla. Crim. App. 1981); see also Hill v. Cody, 5 F.3d 546 (10th Cir. 1993) (unpublished) (discussing and applying Oklahoma law). Although Petitioner was not present when the search warrant was executed, there were sufficient "independent factors" to support the "knowingly possess" element required for the drug trafficking conviction. The state presented evidence that Petitioner lived at the residence where the marijuana was recovered. That evidence included photographs of several pieces of mail addressed to Petitioner at 809 Oak (Dkt. # 13, Tr. Trans. at 70, 72, 74, 76), testimony from police officers that the car driven by Petitioner was frequently parked at the house and had been parked at

the house 45 minutes prior to execution of the search warrant (id. at 14, 46-47, 64), a bag containing prescription medications for David Conway (id. at 77), a folder of papers related to David Conway (id.), a shoebox containing papers related to David Conway (id.), and a book-in sheet from an arrest of David Conway showing his "home address" as 809 Oak, Bartlesville, OK (id. at 93). The Court concludes that this evidence, when viewed in a light most favorable to the State, was sufficient to allow a rational trier of fact to have found beyond a reasonable doubt that Petitioner knowingly had dominion and control over the marijuana found in the residence. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of Jackson. The Court therefore finds that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939. As a result, habeas corpus relief shall be denied on this claim.

### *3. Excessive sentence (ground 3)*

As his third proposition of error, Petitioner claims that his sentence is excessive and violates the Eighth and Fourteenth Amendments.[1] On direct appeal, the OCCA cited Rea v. State, 34 P.3d

---

[1] In the heading for this proposition of error, Petitioner cites both the Eighth and Fourteenth Amendments as bases for relief. See Dkt. # 1. However, the Court shall review the claim under the specific provisions of the Eighth Amendment rather than as a more generalized Fourteenth Amendment due process claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) (where a particular constitutional amendment provides the explicit textual source of constitutional protection, that provision governs over the more generalized protections of due process).

148, 149 (Okla. Crim. App. 2001),[2] and rejected this claim, finding "the sentence appropriate under the facts and circumstance of the case and not so excessive as to shock the conscience of the court." See Dkt. # 11, Ex. 3.

The OCCA's rejection of Petitioner's excessive sentence claim appears to have been based solely on principles of state law. Therefore, the Court shall review this claim *de novo*. "The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." Ewing v. California, 538 U.S. 11, 20 (2003) (citation and internal quotations omitted). The proportionality principle, however, "reserves a constitutional violation for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 77 (2003); see also United States v. Gillespie, 452 F.3d 1183, 1190-91 (10th Cir. 2006) (summarizing Supreme Court precedent on the proportionality principle and noting that "the [Supreme] Court has only twice invalidated a sentence under the Eighth Amendment: once in 1910, when the defendant was sentenced to fifteen years in chains and hard labor for falsifying a public document; and most recently in 1983, when the defendant was sentenced to life without parole after committing six nonviolent felonies including writing a bad $100-dollar check") (citations omitted). As the Tenth Circuit has instructed, courts "are reluctant to interfere with the legislative determination of an appropriate sentence range." Hawkins v. Hargett, 200 F.3d 1279, 1285 (10th Cir. 1999). Application of the narrow proportionality principle has, therefore, been reserved to the truly extraordinary case involving a sentence grossly disproportionate to the crime of conviction. Id. at 1282; see also United

---

[2] In Rea, the OCCA applied a "shocks the conscience" standard to determine whether a punishment was excessive. The OCCA expressly rejected the appellant's suggestion to abandon the "shocks the conscience" standard in favor of a proportionality review. Id., 34 P.3d at 149.

States v. Gurule, 461 F.3d 1238, 1247 (10th Cir. 2006); United States v. Angelos, 433 F.3d 738, 750 (10th Cir. 2006).

In this case, Petitioner was convicted of trafficking in illegal drugs after law enforcement officials found more than 50 pounds of marijuana at his residence. In light of Supreme Court precedent on the disproportionality principle and the fact that Petitioner's sentence is within the statutory range of punishment permitted under Oklahoma law, see Okla. Stat. tit. 63, § 2-415, this Court concludes that Petitioner's sentence is not grossly disproportionate to his crime. See Harmelin v. Michigan, 501 U.S. 957, 994 (1991) (holding that a sentence of life without parole is not disproportionate to a first-time offender's conviction of possession of cocaine). Petitioner fails to present the extraordinary case needed to establish a violation of his Eighth Amendment rights. The claim raised in ground 3 of the petition, therefore, should be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate Judgment shall be entered in this case.

DATED THIS 17th day of August, 2010.

*[signature: Terence C. Kern]*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE